IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3063-FL

| | | |
|---|---|---|
| AVENGER DON RIDGEWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARION WARREN, SHELIA | ) | |
| PRIDGEN, and JON DAVID, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's April 29, 2015, response to the court's April 21, 2015, order directing him to state whether he would like his March 16, 2015, "motion to disregard the lawsuit" (DE 4) to be construed as a motion for voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a). The action also is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Finally, the action is before the court on plaintiff's motion to appoint counsel (DE 13) and motion for a preliminary injunction (DE 14).

The court begins with plaintiff's response to the court's April 21, 2015, order regarding whether his "motion to disregard the lawsuit" should be construed as a motion to voluntarily dismiss this action pursuant to Rule 41(a). Plaintiff states that he would like to proceed with the instant action. Thus, the court will not construe plaintiff's motion to disregard the lawsuit as a motion for voluntarily dismissal, and plaintiff's motion to disregard the lawsuit is DENIED.

The court now turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se

civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claim is not complex. Further, plaintiff has failed to demonstrate that his case is one in which exceptional circumstances merit appointment of counsel. Rather, plaintiff's pleadings demonstrate that he is capable of proceeding *pro se*. Thus, the court properly determined that appointment of counsel is not warranted for this action, and plaintiff's second motion to appoint counsel is DENIED.

Finally, the court conducts a frivolity review of plaintiff's complaint. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." Id. A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328.

2

Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Columbus County District Attorney Jon David, Columbus County Assistant District Attorney Marion Warren, and Columbus County Clerk of Court Shelia Pridgen. Plaintiff contends that North Carolina's habitual felon statute violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. In support, plaintiff states that he was not permitted the opportunity to question each juror in a separate proceeding as to potential bias regarding the habitual felon proceeding. As relief, plaintiff seeks "a jury trial on all the issues triable by jury, any additional relief this court deems just." (Compl. ¶ 5.)

Plaintiff, in essence, challenges the constitutionality of his habitual felon conviction. In order to recover damages or to obtain injunctive relief for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) (applying Heck to claims for injunctive relief), abrogated on other grounds by Skinner v. Switzer, 131 S.Ct. 1289, 1298–1300 (2011); Mobley v. Thompkins, 473 F. App'x 337 (4th Cir. 2012); see also, Ridgeway v. Garner, No. 5:99-CT-218-F3 (E.D.N.C. July 27, 1999) (finding previous attempt to challenge the alleged manufactured evidence and race discrimination was Heck barred), appeal dismissed, 202 F.3d 260

3

(4th Cir. 1999).[1] Plaintiff's conviction has not been reversed, expunged, declared invalid, or called into question. Accordingly, he is unable to meet the Heck requirements.[2] Based upon the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In summary, plaintiff's "motion to disregard the lawsuit" (DE 4) and motion to appoint counsel (DE 13) are DENIED. Plaintiff's action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court dismissed this action, plaintiff's motion for a preliminary injunction (DE 14) is DENIED as MOOT. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 4th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] In addition to Ridgeway v. Garner, No. 5:99-CT-218-F3 (E.D.N.C. July 27, 1999), the record reflects that plaintiff has attempted to unsuccessfully challenge his North Carolina criminal convictions pursuant to 42 U.S.C. § 1983 on two occasions. See Ridgeway v. Nealey, No. 5:11-CT-3015-FL (E.D.N.C. Dec. 8, 2011); Ridgeway v. David, No. 5:12-CT-3002-D (E.D.N.C. June 10, 2013).

[2] Even if plaintiff could proceed with his challenge to North Carolina's habitual felon statute, N.C. Gen. Stat. 14-7.1, the United States Supreme Court has upheld as constitutional enhancements based on recidivism against ex post facto, due process, equal protection, and double jeopardy challenges. See Spencer v. Texas, 385 U.S 554, 559 (1967); Rummel v. Estelle, 445 U.S. 263, 265 (1980); see also United States v. Etheridge, 932 F.2d 318, 323 (4th Cir.), cert. denied, 502 U.S. 917 (1991). The Court also has denied a cruel and unusual punishment claim challenging a sentence that was in excess of the 42 -52 year 8 months 25 days sentence plaintiff is presently serving. See, Lockyer v. Andrade, 538 U.S. 63 (2003) (rejecting challenge to two consecutive sentences of 25 years to life under "three strikes" law for petty theft of $150 worth of videotapes from two stores).